4E9I8U7Y[PLOKIJGFVIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
_____

| | |
|---|---|
| KARL GRANT LOSEE, | ) **ORDER & MEMORANDUM DECISION** |
|   Plaintiff, | ) Case No. 2:13-CV-263 TS |
| v. | ) District Judge Ted Stewart |
| BEVERLY PETERMANN et al., | ) |
|   Defendants. | ) |

_____

Plaintiff, Karl Grant Losee, filed a *pro se* prisoner civil rights complaint.[1]  He also moves for appointed counsel and service of process.  The Court has already granted Plaintiff's request to proceed without prepaying the entire filing fee.

Even so, Plaintiff must eventually pay the full $350.00 filing fee required.[2]  Plaintiff must start by paying "an initial partial filing fee of 20 percent of the greater of . . . the average monthly deposits to [his inmate] account . . . or . . . the average monthly balance in [his inmate] account for the 6-month period immediately preceding the filing of the complaint."[3]  Under this formula, Plaintiff must pay $22.37.  If this initial partial fee is not paid within thirty days, or if Plaintiff has not shown he has no means to pay the initial partial filing fee, the complaint will be dismissed.

---

[1]*See* 42 U.S.C.S. § 1983 (2013).

[2]*See* 28 *id.* § 1915(b)(1).

[3]*Id.*

Plaintiff must also complete the attached "Consent to Collection of Fees" form and submit the original to the inmate funds accounting office and a copy to the Court within thirty days so the Court may collect the balance of the entire filing fee Plaintiff owes.  Plaintiff is also notified that pursuant to Plaintiff's consent form submitted to this Court, Plaintiff's correctional facility will make monthly payments from Plaintiff's inmate account of twenty percent of the preceding month's income credited to Plaintiff's account.

Next, the Court considers Plaintiff's motion for appointed counsel.  Plaintiff has no constitutional right to counsel.[4]  The Court may, however, in its discretion appoint counsel for indigent inmates.[5]  The applicant has the burden of showing that his claim has enough merit to justify the Court in appointing counsel.[6]

When deciding whether to appoint counsel, the Court studies a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity

---

[4] *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

[5] *See* 28 U.S.C.S. § 1915(e)(1) (2013); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[6] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

of the legal issues raised by the claims.'"[7]  Considering these factors, the Court concludes that (1) it is unclear at this time that Plaintiff has asserted a colorable claim; (2) the issues here are not complex; and (3) Plaintiff is not incapacitated or unable to adequately function in pursuing this matter.  Thus, the Court denies for now Plaintiff's motion for appointed counsel.

Finally, the Court denies for now Plaintiff's motion for service of process.  The Court may fully screen Plaintiff's complaint at its earliest convenience and determine whether to dismiss it or order it to be served upon Defendants.[8]  Plaintiff need do nothing further to trigger this process.

IT IS THEREFORE ORDERED that:

(1) Although the Court has already granted Plaintiff's application to proceed *in forma pauperis*, Plaintiff must still eventually pay $350.00, the full amount of the filing fee.

(2) Plaintiff must pay an initial partial filing fee of $22.37 within thirty days of the date of this Order, or his complaint will be dismissed.

(3) Plaintiff must make monthly payments of twenty percent of the preceding month's income credited to Plaintiff's account.

---

[7] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citation omitted); *accord McCarthy*, 753 F.2d at 838-39.

[8] *See id.* § 1915A.

(4) Plaintiff shall make the necessary arrangement to give a copy of this Order to the inmate funds accounting office at Plaintiff's correctional facility.

(5) Plaintiff shall complete the consent to collection of fees and submit it to the inmate funds accounting office at Plaintiff's correctional facility and also submit a copy of the signed consent to this Court within thirty days from the date of this Order, or the complaint will be dismissed.

(6) Plaintiff's request for appointed counsel is DENIED; however, if, after the case is screened, it appears that counsel may be needed, the Court may ask an attorney to appear *pro bono* on Plaintiff's behalf. (*See* File Entry # 4.)

(7) Plaintiff's motion for service of process is DENIED; however, if, after the case is screened, it appears that this complaint states a claim upon which relief may be granted, the Court may order service of process. (*See* File Entry # 5.)

DATED this 15th day of May, 2013.

BY THE COURT:

_____
CHIEF JUDGE TED STEWART
United States District Court

```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF UTAH
```

CONSENT TO COLLECTION OF FEES FROM INMATE TRUST ACCOUNT

    I, Karl Grant Losee (Case No. 2:13-CV-263 TS), understand that even though the Court has granted my application to proceed *in forma pauperis* and filed my complaint, I must still eventually pay the entire filing fee of $350.00.  I understand that I must pay the complete filing fee even if my complaint is dismissed.

    I, Karl Grant Losee, hereby consent for the appropriate institutional officials to withhold from my inmate account and pay to the court an initial payment of $22.37, which is 20% of the greater of:

    (a)   the average monthly deposits to my account for the six-month period immediately preceding the filing of my complaint or petition; or

    (b)   the average monthly balance in my account for the six-month period immediately preceding the filing of my complaint or petition.

    I further consent for the appropriate institutional officials to collect from my account on a continuing basis each month, an amount equal to 20% of each month's income.  Each time the amount in the account reaches $10, the Trust Officer shall forward the interim payment to the Clerk's Office, U.S. District Court for the District of Utah, 350 South Main, #150, Salt Lake City, UT  84101, until such time as the $350.00 filing fee is paid in full.

    By executing this document, I also authorize collection on a continuing basis of any additional fees, costs, and sanctions imposed by the District Court.

                                         _____
                                         Signature of Inmate
                                         Karl Grant Losee